IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEE MARSH on behalf of himself and all others similarly situated,** <br><br> **Plaintiffs,** <br><br> -against- <br><br> **UNITED MOTORS LTD. d/b/a LIBERTY AUTO PLAZA,** <br><br> **Defendant.** | **Judge** <br><br><br> **Case No.** |

## COMPLAINT

Plaintiff Lee Marsh, individually and on behalf of all others similarly situated, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages for Plaintiff and similarly situated co-workers - sales representatives - who worked for United Motors Ltd. d/b/a Liberty Auto Plaza (hereafter "Liberty").

2. Liberty is a Nissan, Kia and Volkswagen dealership selling new and used automobiles. See https://www.libertyautoplaza.com/ (last visited December 18, 2018).

3. In one or more individual work weeks during the applicable statute of limitations, Plaintiff and other sales persons[1] were paid by Defendant on a work week basis pursuant to a draw against commission compensation agreement.

4. In one or more individual work weeks during the Class Period (defined below), the

---

[1] At Liberty, a sales representative's principal activity involved the selling of new and used vehicles to customers.

total compensation paid to Plaintiff was less than the minimum wage required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*. and Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

5. Similarly, in one or more individual work weeks, other sales persons were paid less than the minimum wage required by the FLSA and IMWL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

## THE PARTIES[2]

9. Plaintiff Lee Marsh resides in and is domiciled within this judicial district.

10. Plaintiff Marsh worked for Defendant from approximately July, 2016 to February, 2018.

11. Defendant is an Illinois corporation with its principal place of business located in Libertyville, Illinois.

12. Defendant does business within this judicial district.

13. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

---

[2] Plaintiff's Consent Form to be a party Plaintiff is attached as Exhibit A.

14. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

15. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

16. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

17. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

18. At all times relevant hereto Defendant's annual gross volume of sales made or business done has exceeded $500,000 per year, exclusive of excise taxes.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated current and former sales representatives employed by Liberty, for a period of December 19, 2015 and the date of final judgment in this matter ("Class Period") and who elect to opt-in to this action (the "FLSA Collective Members").

20. At all relevant times, Plaintiff and the FLSA Collective Members were subject to the same or substantially similar compensation plan during their employment by Defendant.

21. Plaintiff's claim for minimum wages is essentially the same as those of the other FLSA Collective Members.

22. For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names and addresses are readily available from Defendant's records.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings the Second Cause of Action, an IMWL claim, under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent employees who worked for Defendant as sales persons who one or more work weeks were not paid the Illinois minimum wage ("IMWL Class Members").

24. The relevant time period for the IMWL class action is from December 19, 2015 to the present ("Class Period").

25. Defendant employed more than forty (40) IMWL Class Members who worked in Illinois during the Class Period and who were not paid the applicable minimum wage in one or more work weeks.

26. The issues involved in this lawsuit present common questions of law and fact.

27. The common questions of law and fact predominate over any variations which may exist between IMWL Class Members.

28. The violations of the IMWL alleged by Plaintiff are the result of Defendant's application of their pay plan to all IMWL Class Members.

29. Common questions of fact and law will predominate over any additional questions raised.

30. Plaintiff and the IMWL Class Members have a commonality of interest in the subject matter and remedy sought, namely back wages, liquidated damages and other penalties, interest, and attorneys' fees and costs of this lawsuit.

31. Plaintiff will fairly and adequately represent and protect the interests of the class.

32. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

33. If individual actions were required to be brought by each IMWL Class Member

injured or affected by Defendant's policies and practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

34. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

### PLAINTIFF'S FACTUAL ALLEGATIONS

35. In one or more work weeks during the Class Period, Defendant did not pay Plaintiff the federal minimum wage for all time he was suffered or permitted to work.

36. Plaintiff customarily worked six days, Monday through Saturday, and approximately 55 (or more) hours per week.

37. Defendant paid Plaintiff on a weekly basis.

38. Defendant paid Plaintiff a draw in the amount of $250 per week against his earned commissions.

39. Defendant paid other sales persons on a weekly basis.

40. Defendant paid one or more other sales persons a draw in the amount of $250 per week against their earned commissions.

41. In one or more work weeks during the Class Period, Defendant paid Plaintiff less than $7.25 per hour when dividing the total compensation paid to Plaintiff in a week by the hours Plaintiff worked in the same week.

42. In one or more work weeks during the Class Period, Defendant paid Plaintiff less than $8.50 per hour when dividing the total compensation paid to Plaintiff in a week by the hours Plaintiff worked in the same week.

43. In one or more work weeks during the Class Period, Defendant paid other sales persons less than $7.25 per hour when dividing the total compensation paid to a sales person in a week by the hours the sales person worked in the same week.

44. In one or more work weeks during the Class Period, Defendant paid other sales persons less than $8.50 per hour when dividing the total compensation paid to a sales person in a week by the hours the sales person worked in the same week.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act - Failure to Pay Minimum Wage

45. Plaintiff, on behalf of himself and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

46. Plaintiff was entitled to be paid the applicable minimum wage for all time he worked for Defendant in each individual work week.

47. In one or more individual work weeks during the Class Period, Defendant failed to pay Plaintiff the applicable minimum wage.

48. FLSA Collective Members were entitled to be paid the applicable minimum wage for all time they worked for Defendant in each individual work week.

49. In one or more individual work weeks during the Class Period, Defendant failed to pay FLSA Collective Members the applicable minimum wage.

50. Defendant's failure to pay the applicable minimum wage in one or more work weeks to Plaintiff and FLSA Collective Members violated the FLSA.

51. Defendant's failure to pay the applicable minimum wage in one or more work weeks to Plaintiff and FLSA Collective Members was willful and intentional.

52. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.

53. Defendant made no good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

55. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

## SECOND CAUSE OF ACTION
### Violation of the Illinois Minimum Wage Law - Minimum Wage

56. Plaintiff, on behalf of himself and the IMWL Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

57. Plaintiff was entitled to be paid the applicable minimum wage for all time he worked for Defendant in each individual work week.

58. In one or more individual work weeks during the Class Period, Defendant failed to pay Plaintiff the applicable minimum wage.

59. IMWL Class Members were entitled to be paid the applicable minimum wage for all time they worked for Defendant in each individual work week.

60. In one or more individual work weeks during the Class Period, Defendant failed to pay IMWL Class Members the applicable minimum wage.

61. Defendant's failure to pay the applicable minimum wage in one or more work weeks to Plaintiff and IMWL Class Members violated the IMWL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, collectively and on behalf of all other similarly situated persons, pray for the following relief:

A. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* for Plaintiff and all FLSA Collective Members;

B. Unpaid minimum wages and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a), and reasonable attorneys' fees and costs incurred as provided by the Illinois Minimum Wage Law;

C. Reasonable attorneys' fees and costs of the action; and

D. Such other relief as this Court shall deem just and proper.

Dated: December 19, 2018

Respectfully submitted,

By: /s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Zachary C. Flowerree
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff